[Cite as *In re B.G.*, 2015-Ohio-288.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | |
| B.G., P.G., & K.G. | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. CT2014-0032 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Muskingum County
                                    Court of Common Pleas, Juvenile
                                    Division, Case Nos.
                                    21230095,21230096,21230097

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   January 23, 2015

APPEARANCES:

For Plaintiff-Appellant             For Defendant-Appellee
Ashley Emahiser
                                    D. MICHAEL HADDOX
JOHN D. WEAVER                      Prosecuting Attorney
542 S. Drexel Avenue
Bexley, OH 43209
                                    By: MOLLY L. MARTIN
                                    Assistant Prosecuting Attorney
Guardian Ad Litem                   27 North Fifth Street, P.O. Box 189
                                    Zanesville, OH 43702-0189
JEANETTE MOLL
P.O. Box 461
Zanesville, OH 43701

*Baldwin, J.*

{¶1}   Appellant Ashley Emahiser appeals from the decision of the Muskingum County Court of Common Pleas, Juvenile Division, finding her children to be neglected children and placing them in the legal custody of their maternal grandparents.

STATEMENT OF THE FACTS AND CASE

{¶2}   B.G. (DOB 5/9/09), P.G. (DOB 4/7/10) and K.G. (DOB 5/27/12) are the biological children of appellant Ashley Emahiser (hereinafter "appellant") and Cody Grandstaff. On June 14, 2012, appellee Muskingum County Children Services (hereinafter "MCCS") filed a complaint for temporary custody, alleging that the children were abused, neglected, and dependent.  The complaint was filed after the Zanesville Police Department responded to a call about a fight at the home of appellant and Grandstaff and was informed that methamphetamines were being manufactured at the home. The two oldest children were present at the time. As memorialized in a Decision filed on June 14, 2012, following a shelter care hearing, the children were placed in the temporary custody of appellee MCCS.

{¶3}   Pursuant to an Order filed on August 16, 2012, the complaint was amended to request that temporary custody of B.G. and P.G. be granted to Timothy Hazelton, the maternal grandfather, with protective supervision by appellee MCCS.

{¶4}   Subsequently, on November 19, 2012, the Guardian ad Litem filed a Motion for Legal Custody, asking that legal custody of the three children be granted to the maternal grandparents.  The maternal grandparents were later joined as parties.

{¶5}   An adjudicatory hearing was held before the court on May 28, 2013. Via an Entry filed on June 3, 2013, the trial court found the children to be neglected children

"who lack adequate parental care because of the faults or habits of the children's parent/s, guardian or custodian." The matter proceeded to disposition on May 28, 2013. The trial court, in its June 3, 2013 Entry, placed the three children in the legal custody of their maternal grandparents. Protective supervision to MCCS was terminated.

{¶6} Appellant appealed from the trial court's June 3, 2013 Entry. This Court reversed the judgment of the trial court and remanded the matter for findings pursuant to R.C. 2151.419(B) (1). The trial court then issued Findings of Fact and Conclusions of Law on June 19, 2014.

{¶7} Appellant now appeals, raising the following assignments of error on appeal:

{¶8} THE TRIAL COURT'S DECISION THAT THE AGENCY HAD MADE REASONABLE EFFORTS TO PREVENT REMOVAL IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

{¶9} APPELLANT WAS DENIED HER LIBERTY INTEREST IN RAISING HER CHILDREN WITHOUT DUE PROCESS OF LAW.

{¶10} THE TRIAL COURT'S DECISION THAT IT WAS IN THE CHILDREN'S BEST INTERESTS TO BE PLACED ON THE LEGAL CUSTODY OF THEIR GRANDPARENTS WHEN THEY COULD BE RETURNED SAFELY TO A PARENT CONSTITUTED AN ABUSE OF DISCRETION.

{¶11} THE TRIAL COURT'S DECISION THAT THE CHILDREN WERE NEGLECTED IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

I, II

{¶12} Appellant, in her first assignment of error, argues that the trial court's decision that the agency had made reasonable efforts to prevent removal is not

supported by clear and convincing evidence. In her second assignment of error, appellant argues that the trial court violated her constitutional right to parent her children because no evidence was presented showing that continued removal of the children from the home was necessary for the children's welfare or that public safety required continued removal.

{¶13} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* If some competent, credible evidence going to all the essential elements of the case supports the trial court's judgment, an appellate court must affirm the judgment and not substitute its judgment for that of the trial court. *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶14} R.C. 2151.419(A)(1) provides:

> Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home,

has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts…

{¶15} When a trial court is considering whether the agency made reasonable efforts to prevent the removal, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute. *In re Brewer*, 7th Dist. Belmont App. No. 94–B–28, 1996 WL 65939 (Feb. 12, 1006). "In determining whether reasonable efforts were made, the child's health and safety shall be paramount." R.C. 2151.419(A)(1).

{¶16} Appellant, in her brief, argues that she completed every goal on her case plan and that a psychological evaluation yielded no concerns. Appellant notes that the psychologist testified that he only had concerns with Grandstaff.

{¶17} However, as noted by appellee in its brief, there was sufficient, competent credible evidence to demonstrate that appellant, despite her denials, was still in a relationship with the children's father, Cody Grandstaff.

{¶18} At the hearing, appellant testified that she left Arizona with the children after Grandstaff was charged with offenses relating to driving under the influence of

methamphetamines. She agreed that she was aware that Grandstaff both used methamphetamines and violated the law based on use of the same. When asked if Grandstaff had active warrants out of Arizona, she indicated the she believed that he had. She further indicated that she was aware that Grandstaff had active warrants out of Toledo.

{¶19} Testimony also was adduced at the hearing that Grandstaff had anger management problems. Dr. Gary Wolfgang, a psychologist and clinical counselor, testified that Grandstaff's evaluation "returned indications of a lot of psychopathology and behavioral dysfunction. The results suggested anger, fear and a history of anti social behavior, irritability, low tolerance for frustration, argumentativeness." Transcript at 88. Dr. Wolfgang indicated that Grandstaff discussed instances of physicalness with appellant and minimized the same and that appellant had a rather lengthy criminal history. Testimony was adduced that Grandstaff was going to be indicted as a result of the methamphetamine production that led to the filing of the complaint in this case and that Grandstaff was involved in a situation with police in April of 2013 due to being intoxicated and throwing beer cans. Grandstaff was arrested for disorderly conduct, criminal damaging and criminal trespass and had failed to complete recommended additional anger management counseling.

{¶20} Dr. Wolfgang, who also evaluated appellant, testified that she had dependency issues and "seemed to  that point mimic the words of her partner and get on board with issues that I wasn't entirely sure were her own issues…" Transcript at 90. He, when asked, testified that he had concerns if the children were placed with appellant and Grandstaff as a couple and appellant could not intervene to protect her children.   When asked if he believed that Grandstaff continued to pose a risk to his three children, he indicated that he did.

{¶21} At the hearing, Kelsey Coe, a caseworker with MCCS, testified that appellant told her in early January of 2013 that appellant had kicked Grandstaff out and that they were no longer a couple. However, Adrian Williams, a caseworker with MCCS, testified that he saw the two together at Walmart on January 22, 2013  and that the two, who had normally talked to him when he ran into them in the past, were trying to avoid him.  In addition, Coe testified that she left paperwork at the same address for both of them about an ex parte hearing that was scheduled for the next morning and that both were present for the hearing.  Coe also testified that since appellant told her that she and Grandstaff were no longer together, she had never been able to make an unannounced home visit successfully. There was clear and convincing evidence that appellant and Grandstaff, despite appellant's statements to the contrary, remained in a relationship at the time of the hearing.

{¶22} Based on the foregoing, we find that there was clear and convincing evidence that the agency made reasonable efforts to prevent removal and that appellant was not denied her liberty interest in raising her children.

{¶23} Appellant's first and second assignments of error are, therefore, overruled.

III

{¶24} Appellant, in her third assignment of error, argues that the trial court abused its discretion in holding that it was in the children's best interest to be placed in the legal custody of their maternal grandparents when they could be returned safety to appellant. The Guardian ad Litem had recommended that the trial court grant legal custody to the maternal grandparents.

{¶25} On appeal, we will not reverse an award of legal custody absent an abuse of discretion. *In re R.D.J.,* 5th Dist. Delaware No. 12 CAF 07 0046, 2013–Ohio–1999, ¶ 29, citing *In re Gales,* 10th Dist. No. 03AP–445, 2003–Ohio–6309; *In re Nice,* 141 Ohio App.3d 445, 455, 2001-Ohio-3214, 751 N.E.2d 552. Abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Legal custody, where parental rights are not terminated, is not as drastic a remedy as permanent custody, which terminates parental rights. *In re A. W.-G.,* 12th Dist. Butler No. CA2003–04–099, 2004–Ohio–2298, at ¶ 7, quoting *Nice* at 455, 751 N.E.2d 552. Therefore, the trial court's standard of proof in legal custody proceedings is not clear and convincing

evidence, as it is in permanent custody proceedings, but is merely a preponderance of the evidence. *Nice* at 455, 751 N.E.2d 552; *In re A. W.-G, supra; In re Law,* 5th Dist. Tuscarawas No.2003 AP 06 45, 2004–Ohio–117.

{¶26} Based on the evidence presented at the hearing, the trial court did not abuse its discretion in awarding legal custody to the maternal grandparents. As is stated above, the complaint in this case was filed after it was discovered that methamphetamines were being cooked at the house where appellant, Grandstaff and the children resided. There was testimony adduced at the hearing that Grandstaff had not completed his case plan, had outstanding criminal charges, and substance abuse issues. While appellant denied that she and Grandstaff were still a couple, there was testimony that the two were still together and that appellant had dependency issues.

{¶27} Moreover, testimony was adduced that K.G., the youngest child, is medically fragile and has special medical needs. She was born with a congenital heart defect. As noted by the trial court, neither parent was up to date on her medical needs or care whereas the maternal grandparents ensured that she attended her many doctor and therapy appointments. Appellant, as of the time of the hearing, had not completed the same training that the maternal grandparents had to learn how to care for K.G.

{¶28} Based on the foregoing, we find that that the trial court did not abuse its discretion in holding that it was in the children's best interest to be placed in the legal custody of their maternal grandparents and not to be returned home. The children could not be returned safety to appellant.

{¶29} Appellant's third assignment of error is, therefore, overruled.

IV

{¶30}  Appellant, in her fourth and final assignment of error, argues that the trial court's decision that the children were neglected children was not supported by clear and convincing evidence.

{¶31}  With regard to neglect, R.C. 2151.03(A) provides, in pertinent part:

{¶32}  As used in this chapter, "neglected child" includes any child:* * *

{¶33}  (2) Who lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian.

{¶34}  " 'Adequate parental care' means the provision by a child's parent or parents * * * of adequate food, clothing, and shelter to ensure the child's health and physical safety and the provision by a child's parent or parents of specialized services warranted by the child's physical or mental needs." R.C. 2151.011(B)(1). The Supreme Court of Ohio has held that a finding of neglect based upon "R.C. 2151.03(A)(2) requires some showing that parents, a guardian, or a custodian is at fault before a finding of a lack of proper (or adequate) care can be made." *In re Riddle,* 79 Ohio St.3d 259, 262, 1997-Ohio-391, 680 N.E.2d 1227.

{¶35}  In the case sub judice, testimony was adduced at the adjudicatory hearing that, based on an investigation, it was determined that methamphetamines were being manufactured at the house where appellant, Grandstaff and two of the children were residing.  At the hearing, Detective Kevin Starrett of the Perry County Sheriff's Office testified that he smelled ether when he arrived at the house and that meth labs were dangerous and volatile. He further testified that the children would have been in danger.

{¶36}  Patrolman Joel Tignor, who is employed by the City of Zanesville, testified that when he arrived at the scene in June of 2012 to investigate, he observed

Grandstaff fighting with his father in the backyard. He testified that he smelled ether or starting fluid.

{¶37} Roni Kuhn, an investigator with MCCS, testified that he was on the scene on the night in question and observed the two oldest children. He testified that the youngest child, K.G., was in the hospital with appellant at the time. Kuhn testified that he had concerns about K.G.'s care because appellant was prepared to have K.G. discharged against medical advice on that night and return to the house. Kuhn further testified that B.G. "just said that her daddy was cooking downstairs and she was not allowed. Her and [P.G.] were not allowed downstairs." Transcript at 52. Appellant testified at the adjudicatory hearing that she was aware that Grandstaff was using methamphetamine and was addicted to it when she moved to Ohio in August of 2011, but did not know he was using in June of 2012. She denied knowing that Grandstaff was operating a meth lab.

{¶38} Based on the foregoing, we find that the trial court did not err in finding the children to be neglected children. There was clear and convincing evidence that the children lacked adequate parental care because of the faults or habits of their parents.

{¶39} Appellant's fourth assignment of error is, therefore, overruled.

{¶40} Accordingly, the judgment of Muskingum County Court of Common Pleas, Juvenile Division, is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.